[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12422
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 17, 2010
JOHN LEY
CLERK

Agency No. A070-847-790


FRANCISCO MARTIN-PABLO,

                                                                        Petitioner,

                                    versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 17, 2010)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Francisco Martin-Pablo, a native and citizen of Guatemala, through counsel,

seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying him asylum and withholding of removal under the Immigration and Nationality Act ("INA"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231. Martin-Pablo claims that he was persecuted in Guatemala – and would be again – on account of his political opinion. The BIA found that Martin-Pablo failed to demonstrate that he was persecuted in Guatemala because of his political opinion or that he has a well-founded fear that he will be persecuted in that country. Because substantial evidence supports the BIA's findings, we deny Martin-Prado's petition for review.

Where, as here, the BIA issues a decision and does not adopt the IJ's order, we review only the BIA's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the BIA's decision was based on a legal determination, we review de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial-evidence test; we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation marks omitted). We will not reverse a factual finding unless "the evidence compels a reasonable fact finder to find otherwise." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006)

2

(quotation marks omitted).

To establish eligibility for asylum, an applicant must show that he suffered past persecution or has a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A); Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). A showing of past persecution creates a rebuttable presumption of a well-founded fear of future persecution; absent such a showing, an applicant must prove a subjectively genuine and objectively reasonable fear of future persecution. Silva, 448 F.3d at 1236. To qualify for withholding of removal, an applicant must establish that it is more likely than not that his life or freedom will be threatened in that country on account of a protected ground. 8 U.S.C. § 1231(b)(3)(A); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005).

Turning first to Martin-Pablo's asylum claim, the record does not compel the conclusion that he was persecuted in Guatemala on account of his political opinion. The only evidence of persecution was Martin-Pablo's testimony regarding a single incident where guerrilla soldiers pushed, shoved, and threatened him after he refused to join their ranks. Given that Martin-Pablo testified that he was never detained nor physically harmed by the guerrillas, substantial evidence

supports the BIA's finding that this incident did not rise to the level of persecution. See Diallo v. U.S. Att'y Gen., 596 F.3d 1329, 1333 (11th Cir. 2010) (explaining that "persecution is an extreme concept, requiring more than a few incidents of verbal harassment or intimidation" (quotation marks omitted)).

Moreover, substantial evidence supports the BIA's finding that Martin-Pablo failed to demonstrate a nexus between this single instance of alleged persecution and any protected ground. Martin-Pablo presented no evidence compelling the conclusion that the guerillas threatened him because of his political opinion; rather, he testified that he refused to join them because he did not want to leave his family. See Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007) (holding that it is insufficient for an applicant to establish that he was persecuted due to his refusal to cooperate with guerrillas).

Nor does the record compel the conclusion that Martin-Pablo has a well-founded fear of persecution on account of his political opinion. "Demonstrating such a connection requires the [applicant] to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such an opinion." Al Najjar, 257 F.3d at 1287 (quotation marks omitted). Martin-Pablo presented no evidence that he or his family were ever threatened or harmed in the two decades following his lone encounter with the

4

guerrillas, even though he remained in Guatemala for two years following this incident and visited the country for one month in 2002. Although he testified that he fears returning to Guatemala because of widespread violence and criminal activity there, substantial evidence supports the BIA's determination that Martin-Pablo failed to prove a well-founded fear of future persecution.

As for Martin-Pablo's withholding of removal claim, for the reasons stated above, substantial evidence supports the BIA's finding that he failed to show that it is more likely than not that his life or freedom would be threatened in Guatemala on account of his political opinion. Because this is a more stringent standard than the "well-founded fear" standard for asylum claims, Martin-Pablo's inability to establish eligibility for asylum precludes him from qualifying for withholding of removal. Mohammed v. U.S. Att'y Gen., 547 F.3d 1340, 1345 (11th Cir. 2008). For the foregoing reasons, we deny this portion of Martin-Pablo's petition for review.[1]

**PETITION DISMISSED, in part, and DENIED, in part.**

---

[1] Martin-Pablo also seeks review of the BIA's decision affirming the IJ's denial of relief under the United Nations Convention Against Torture and Other Cruel, Inhumane, and Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). However, we lack jurisdiction to review Martin-Pablo's CAT claim because he did not raise it in his brief to the BIA, and thereby failed to exhaust his administrative remedies. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that failure to exhaust eliminates appellate jurisdiction, even when the BIA sua sponte considers the claim). Therefore, we dismiss this portion of Martin-Pablo's petition for review.